**Norma Almerol ALMODIEL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–70360.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed July 19, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

Roni Rotholz, Esq., Law Office of Roni Rotholz, Walnut Creek, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Andrew J. Doyle, Esq., DOJ—U.S. Department of Justice, Environmental & Natural Resources Div., Washington, DC, for Respondent.

Before: LEAVY, THOMAS and BERZON, Circuit Judges.

## MEMORANDUM **

Norma Almerol Almodiel, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Even assuming that Almodiel is credible, substantial evidence supports the IJ's and BIA's determination that Almodiel did not demonstrate a well-founded fear of persecution because she was able to live in the Philippines, without harm or threats, for two years. *See Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000). Furthermore, Almodiel failed to show that it would be unreasonable for her to relocate within the Philippines. *See* 8 C.F.R. § 208.13(b)(2)(ii); 8 C.F.R. § 208.13(b)(3)(i).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Because Almodiel fails to establish eligibility for asylum, she necessarily fails to qualify for the higher standard under withholding of removal. *See Singh v. INS,* 134 F.3d 962, 971 (9th Cir.1998).

In her opening brief, Singh failed to address, and therefore has waived any challenge to, the IJ's and BIA's determination that she is ineligible for CAT relief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**